IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. FERRON,
    Plaintiff,
v.
ZOOMEGO, INC., et al.
    Defendants.

Case No. 2:08-cv-846
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

Plaintiff John W. Ferron brings this action against Defendants Zoomego, Inc. ("Zoomego"), SubscriberBase Holdings, Inc. ("SubscriberBase"), and Restoration Media, Inc., alleging that Defendants sent 60 emails to Plaintiff in violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.* (the "OCSPA"), between February 22, 2006 and July 9, 2006. This matter is before the Court for consideration of SubscriberBase's Motion for Judgment on the Pleadings. (Document 29.) For the reasons that follow, the motion is hereby **GRANTED**.

I.

In 2006, Defendants allegedly sent hundreds of emails to Plaintiff in violation of the OCSPA. Plaintiff has filed three cases relating to those emails. In case number 2:06-cv-751 ("Case 751"), filed in this Court on September 1, 2006, Plaintiff generally alleged receipt of hundreds of such emails and named several defendants including Zoomego and SubscriberBase. (Case 751, Doc. 2.) That case was dismissed without prejudice on July 3, 2007; the dismissal was affirmed on May 7, 2008. (Case 751, Docs. 27, 31.)

On July 2, 2008, Plaintiff sued Zoomego and SubscriberBase, each in a separate case alleging different sets of emails, in the Franklin County Court of Common Pleas. Both of those

cases were removed to this Court, resulting in case number 2:08-cv-760 ("Case 760") and this case. (Case 760, Doc. 2; Case 846,[1] Doc. 1.) Case 760, against SubscriberBase, involves 330 emails allegedly sent between January 7, 2006 and July 23, 2006. This case, originally against only Zoomego, involves 60 emails allegedly sent between February 22, 2006 and July 9, 2006. There is no overlap between the emails alleged in Case 760 and the emails alleged in this case. (Case 760, Doc. 9 ¶ 13; Case 846, Doc. 20 ¶ 11.)

Plaintiff sought leave to amend his complaint in this case on May 22, 2009 and filed a Second Amended Complaint adding SubscriberBase as a party on June 26, 2009. (Case 846, Doc. 17, 20.)

SubscriberBase has moved for judgment on the pleadings, asserting that Plaintiff's claims against it were not timely filed within the applicable statute of limitations and savings statute.

## II.

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court may grant such a motion "where the moving party is entitled to judgment as a matter of law," taking as true all of the "well-pleaded material allegations of the pleadings of the opposing party." *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441 (6th Cir. 2010) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006)) (quotations omitted).

## III.

Plaintiff's claims in this case are brought under the OCSPA, specifically Ohio Revised Code §§ 1345.02 and 1345.09. Consequently, the only federal jurisdictional basis for the suit is diversity of citizenship. This Court then must apply the law of Ohio. Under Ohio Revised Code

---

[1] Documents filed in this case are cited as filed in "Case 846."

2

§ 1345.10(C), claims under the OCSPA "may not be brought more than two years after the occurrence of the violation which is the subject of suit." Plaintiff does not dispute that his claims are generally governed by the two year statute of limitations, but asserts that they are "saved" by Ohio's savings statute. That statute provides that if a plaintiff commences an action and "fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." Ohio Rev. Code § 2305.19(A).

It is undisputed that Plaintiff filed Case 751 within the original two year statute of limitations. It is also clear that, after Case 751 was dismissed without prejudice, Plaintiff filed the state court actions removed as Case 760 and this case within the one year savings statute. When Plaintiff added SubscriberBase to this case, however, both the original statute of limitations and the one year deadline under the savings statute had already passed. Plaintiff's claims against SubscriberBase in this case thus failed to satisfy the statute of limitations and must be dismissed.

This outcome is not affected by the decision in *Lum v. Mercedes Benz USA, LLC*, No. 3:05-cv-7191, 2006 U.S. Dist. Lexis 24486, 3–4 (N.D. Ohio Apr. 28, 2006), which Plaintiff cites in his memorandum. (Pl.'s Mem. 9.) The court in *Lum* dealt with the completely different question of whether a *timely* re-filed complaint was substantially similar to the original complaint where it named the same defendants but added a new claim. The court simply noted that the addition of new parties was not required in order to find that the complaints were not substantially the same.

Nor is the result here changed by the fact that SubscriberBase apparently had actual notice of Plaintiff's claims based on Case 751. Plaintiff suggests, without citing any authority,

3

that actual notice affects the one year deadline under the savings statute. The Court cannot agree. Because the savings statute applies only when a plaintiff has commenced or attempted to commence a previous action, the defendants generally will have actual notice of the claims. To hold that such notice negates the one year deadline would be inconsistent with the plain meaning of the savings statute.

The Court further finds that the amendment does not relate back to the date of the original pleading under Rule 15. Under that rule, when an amendment to a pleading changes the party against whom a claim is asserted, that amendment relates back to the date of the original pleading if both of the following requirements are met. First, the amendment must assert a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading. Second, within 120 days after the complaint is filed, the party to be added must have received such notice of the action that it would not be prejudiced in defending on the merits, and that party must have known or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c), 4(m). Because Plaintiff does not allege any mistake concerning the proper party's identity, the requirements of Rule 15(c) are not met, and the amendment does not relate back to the date of the original pleading.

## IV.

For the reasons discussed above, the Court finds that SubscriberBase is entitled to judgment as a matter of law. The Court therefore **GRANTS** Defendant SubscriberBase, Inc.'s Motion for Judgment on the Pleadings (Document 29) and **ORDERS** that the claims against SubscriberBase Holdings, Inc. are hereby **DISMISSED**.

4

**IT IS SO ORDERED.**

    3-29-2010
**DATED**

/s/ Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**