IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. FERRON,

    Plaintiff,

vs.

Case No. 2:08-cv-846
Judge Sargus
Magistrate Judge Kemp

ZOOMEGO, INC., et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the Parties' cross-motions for summary judgment. (Docs. 53 & 56). For the reasons that follow, Defendants' motion is **GRANTED** and Plaintiff's motion is **DENIED**.

### I.

Plaintiff John W. Ferron ("Ferron") brings the instant action against Defendants Zoomego, Inc. ("Zoomego") and Restoration Media, Inc.("RMI")[1] alleging violations of the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01 *et seq.* ("OCSPA"). Ferron claims that 60 emails he received from RMI between February and July 2006 constitute deceptive acts under the OCSPA for which he should be entitled to $200 in statutory damages and attorney's fees. Each of these emails advertises the opportunity for the recipient to receive free products, but only if the consumer enters several transactions with vendors for other products and/or

---

[1] Ferron also brought claims against Subscriberbase, Inc. but those claims were dismissed by the Court on March 29, 2010. (*See* Doc. 46.)

services. (*See* Ferron Aff. ¶¶ 15–23.) Ferron's central allegation is essentially that the emails are deceptive because they could lead a recipient to believe that he or she is entitled to the free merchandise without obligation to the recipient.

Ferron initially filed his complaint and amended complaint in the Franklin County Court of Common Pleas, but the case was removed to this Court by Defendants. (*See* Doc. 1.) Ferron again amended his complaint, and the Parties now each move for summary judgment. As explained below, because the record demonstrates that Ferron could not actually have been deceived by the specific emails at issue in this case, the Court grants Defendants' motion and dismisses this action.

## II.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita*, 475 U.S. at 587–88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

Here, the Parties have filed cross-motions for summary judgment. Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that he or it is entitled to a judgment as a matter of law. The fact that one party fails to satisfy that burden on his or its own Rule 56 motion does not automatically indicate that the opposing party or parties has satisfied the burden and should be granted summary judgment on the other motion. In reviewing cross-motions for summary judgment, courts should "evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the

non-moving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994). "The filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 705 (5th Cir.1985)). The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by one party to the litigation. *Taft Broad.*, 929 F.2d at 248.

### III.

### A.

The OCSPA provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." OHIO REV. CODE § 1345.02(A). Pursuant to the OCSPA, the Attorney General of Ohio is given the authority to issue regulations defining specific acts or practices that are deceptive in violation of § 1345.02(A). *Id.* § 1345.05(B)(2). Ferron alleges, *inter alia*, that the emails are deceptive under regulations issued by the Attorney General defining as deceptive practices circumstances in advertising where suppliers fail to state material conditions in an offer for the sale of goods, circumstances wherein advertisers use the word "free," and circumstances where prizes are advertised to be given away. *See* OHIO ADMIN. CODE 109:4-3-02, 109:4-3-04, & 109:4-3-06. Ferron asserts that the emails violated the relevant provisions of the Ohio Administrative Code as a matter of law and urges the Court to grant summary judgment in his favor.

Defendants, however, assert that because Ferron could not have been deceived by the emails, he is precluded from recovery under the OCSPA. In support of this position, they cite Judge Watson's opinion in *Ferron v. Echostar Satellite, LLC*, No. 2:06-CV-00453, 2009 WL 6700648 (S.D. Ohio Sept. 29, 2009). In *Echostar*, Judge Watson concluded that:

> *Chesnut* [*v. Progressive Cas. Ins. Co.*, 850 N.E.2d 751 (Ohio Ct. App. 2006),] and *Crull* [*v. Maple Park Body Shop*, 521 N.E.2d 1099 (Ohio Ct. App. 1987),] represent a reasonable limitation on the reach of the OCSPA. Deception is the *sine qua non* of the OCSPA. Given that in Ohio deception is measured from the standpoint of the consumer asserting the OCSPA claim, it logically follows that where the record shows affirmatively that the consumer could not have been deceived, no OCSPA violation has occurred. For all of these reasons, the Court concludes that the rule applied in *Chesnut* and *Crull* represents the law of Ohio by which this Court is bound.

*Id.* at *9 (footnote omitted). *Echostar* has been relied upon by Courts in several of Ferron's other lawsuits. *See, e.g., Ferron v. 411 Web Directory*, No. 2:09-CV-153, 2010 WL 1817396 (S.D. Ohio May 4, 2010). Despite Ferron's contentions that *Echostar* incorrectly applies Ohio law, this Court agrees with Judge Watson's holding in that case. As the record in the instant case indicates that Ferron could not have been deceived by the emails, the Court grants summary judgment in favor of Defendants.

Ferron received all of the emails at issue in this case between February and July, 2006. (2d Am. Compl. ¶ 11.) However, Ferron recalled receiving emails similar to those at issue in this case in 2005. (Ferron Dep. 31.) He admitted in his deposition that he soon came to realize that the advertised free item could only be obtained through the purchase of other products and services:

> Q. When you first started receiving these ads in 2005, you started investigating whether, in fact, you were going to get a free laptop or some free merchandise. Correct?

-5-

> A. The first one I clicked on, I would have not been investigating whether I was going to get one, I was attempting to claim the free prize.
>
> Q. That was sometime in 2005?
>
> A. Yes.
>
> Q. And you realized, not long after you got the e-mail, based upon your investigation, that you could only get the free prize if you complied with the terms and conditions of the offer. Correct?
>
> A. Yes.
>
> Q. You learned that in 2005, right?
>
> A. With regard to the e-mails I received at that time, yes. . . .
>
> Q. When did you come to the realization that this was, in your words, "a scam"? Was it late 2005, early 2006?
>
> A. I believe I concluded that these e-mails are misleading and deceptive in later 2005.

(Ferron Dep. 31–33) Ferron also admitted his conclusion that, based on reviews of the emails, the terms and conditions of the emails were "more or less" unchanging over time in that the emails required the purchase of goods or services before the free item could be awarded. (*See* Ferron Dep. 53–54.) Based on this record, it is undisputed that Ferron could not have been deceived by any of the emails he received in 2006 because he had become familiar with the terms and conditions of the emails in 2005. Thus, he is precluded from recovery under the OCSPA.

Ferron asserts that this Court's opinion and order in *Ferron v. Subscriberbase Holdings, Inc.*, No. 2:08-cv-760 (S.D. Ohio Mar. 11, 2009) (order granting in part and denying in part motion to dismiss),[2] supports his contention that actual deception is not a prerequisite for a valid

---

[2]In *Subscriberbase*, this Court also relied upon Judge Watson's *Echostar* opinion to grant summary judgment in favor of defendants in an action brought by Ferron.

OCSPA claim. Contrary to his position, however, the language from the opinion and order cited by Ferron addresses the issue of whether reliance or actual damages must be alleged in order to maintain an OCSPA claim. The opinion does not address the issue decided by Judge Watson in *Echostar*; namely, whether actual deception is required by the OCSPA.

**B.**

In addition to the above, Zoomego asserts that it was in no way involved with the transmittal of emails at issue in this case as it never actually conducted any business operations. Because the record is undisputed as to these facts, summary judgment as to Zoomego is also appropriate on that basis. (*See* Sayago Dep. 40.)

**C.**

Because the Court has found that summary judgment is appropriate as to RMI based on Ferron's failure to be deceived by the emails, the Court does not address RMI's contention that it is exempted from coverage under the OCSPA by § 1345.12 of the Ohio Revised Code.

**IV.**

For the above stated reasons, Defendants' Motion for Summary Judgment (Doc. 53) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendants and close this matter.

**IT IS SO ORDERED.**

11-22-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

-7-